PT:MHW
F. #2013R01534

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------X

UNITED STATES OF AMERICA

 - against -

AKMAL NARZIKULOV,
    also known as "Soldier,"
FIRDAVS MAMADALIEV,
DALE HARPER,
    also known as "Reds,"
JOACHIM PIERRE LOUIS,
    also known as "Jameson,"
LATOYA BOURNE,
MARIE DANIEL,
LUC DESMANGLES,
BEAYAEH KAMARA,
JOSE PAYANO,
TANAEL DANIEL and
INOCENTE RENE GONZALEZ MARTINEZ,

              Defendants.

------------------------------------X

I N D I C T M E N T

Cr. No. _____
(T. 18, U.S.C.,
§§ 981(a)(1)(C),
982(a)(2)(B),
1028(b)(1)(A)(ii),
1028(b)(5), 1028(f),
1349 and 3551 et seq.;
T. 21, U.S.C., § 845(p);
T. 28, U.S.C., § 2461(c))

DEARIE, J.
LEVY, M.J.

THE GRAND JURY CHARGES:

INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

A.   The Procedures for Issuing Commercial Driver's Licenses

    1.   To ensure safety on the nation's roads and highways, the United States Department of Transportation

1

("DOT"), through regulations codified at 49 C.F.R. §§ 383 et seq., set standards for the issuance of commercial driver's licenses ("CDLs").

2. In the state of New York, drivers of certain commercial vehicles, such as large buses and heavy transportation trucks, were required to possess a CDL. The New York State Department of Motor Vehicles ("DMV") issued CDLs in the state of New York, in accordance with and subject to the DOT regulations codified at 49 C.F.R. §§ 383 et seq., and in accordance with the New York State Vehicle and Traffic Law and associated regulations.

3. In order to obtain a CDL from the DMV, all applicants were required to pass a written or audio test covering various subjects related to safely driving large vehicles and to submit to the DMV a federal DOT medical form signed by a physician. The DMV offered the CDL written and audio tests in English and Spanish, and in no other languages. The CDL written test was given in a multiple choice format, while the CDL audio test consisted of true or false questions. Applicants listened to the CDL audio test using headphones, while applicants marked the answers to both the CDL written and audio tests on paper.

2

4. All of these CDL tests were "closed book" tests, meaning that applicants were not permitted to consult notes, books or other written materials while taking the tests. An applicant who passed a CDL written or audio test was immediately given a temporary CDL learner's permit at the DMV Office where the test was taken.

5. Approximately one week after a CDL applicant passed the CDL written or audio tests the DMV sent the applicant a permanent photograph identification CDL learner's permit ("CDL Permit") via the United States Postal Service. Upon receipt of the CDL Permit the applicant was eligible to take the CDL road test. CDL Permit-holders also were allowed to practice driving commercial vehicles if a CDL-holder was in the vehicle with the CDL Permit-holder. After passing the CDL road test, an applicant could immediately obtain a temporary CDL at the road test site from the examiner. A successful applicant was required to visit a DMV Office within seven to ten days, to have a license amendment transaction processed, before receiving a permanent CDL by mail approximately two weeks later.

6. Security guards were assigned to DMV testing locations. These security guards were employed by a private security company under contract with the New York State Office

3

of General Services. Bills for the services of security guards stationed at DMV locations were paid by the DMV.

B. <u>The Defendants' CDL Test Cheating Scheme</u>

      7. The defendants AKMAL NARZIKULOV, also known as "Soldier," FIRDAVS MAMADALIEV, DALE HARPER, also known as "Reds," JOACHIM PIERRE LOUIS, also known as "Jameson," LATOYA BOURNE, MARIE DANIEL, LUC DESMANGLES, BEAYAEH KAMARA, JOSE PAYANO, TANAEL DANIEL and INOCENTE RENE GONZALEZ MARTINEZ engaged in a scheme to help applicants (the "CDL applicants") cheat on the CDL tests given at DMV Offices in Queens, Long Island and Manhattan.

      8. In exchange for money, the defendant AKMAL NARZIKULOV, aided by the defendant FIRDAVS MAMADALIEV and others, provided CDL applicants with a coded pencil containing the answers to CDL audio tests before the CDL applicants took those tests at DMV offices in Queens and on Long Island.

      9. Also in exchange for money, the defendant AKMAL NAZIKULOV brought other CDL applicants to a DMV Office at 11 Greenwich Street in lower Manhattan (the "Greenwich Street DMV Office"). At that office NARZIKULOV was assisted by a group of confederates, including the defendants JOACHIM PIERRE LOUIS, JOSE PAYANO, LUC DESMANGLES and TANAEL DANIEL. This group instructed CDL applicants to leave the testing area and

4

Greenwich Street DMV Office, with their uncompleted tests in their possession. The CDL applicants did so after receiving signals from the defendants LATOYA BOURNE and BEAYAEH KAMARA, security guards at the Greenwich Street DMV Office, who received cash bribes in return for their participation in the cheating scheme.

10. Upon exiting the Greenwich Street DMV Office the CDL applicants were met by the defendants JOACHIM PIERRE LOUIS, JOSE PAYANO, LUC DESMANGLES or TANAEL DANIEL. The CDL applicants' tests were then brought to the defendant MARIE DANIEL, who completed the test nearby. Upon MARIE DANIEL's completion of the test JOACHIM PIERRE LOUIS, JOSE PAYANO, LUC DESMANGLES or TANAEL DANIEL returned the test to the CDL applicants, who then re-entered the Greenwich Street DMV Office and submitted the test for grading. On occasion, JOACHIM PIERRE LOUIS personally removed the CDL applicants' tests from the testing area inside the Greenwich Street DMV Office and carried the test to MARIE DANIEL for completion.

11. The defendant DALE HARPER, also known as "Reds," also used the defendants JOACHIM PIERRE LOUIS, MARIE DANIEL, JOSE PAYANO, LUC DESMANGLES and TANAEL DANIEL to help CDL applicants cheat on CDL written tests in the same manner as described above. Moreover, the cheating scheme involving LOUIS,

5

MARIE DANIEL, TANAEL DANIEL, PAYANO and DESMANGLES was not confined to the Greenwich Street DMV Office but also occurred at a DMV Office located at 159 East 125th Street in Manhattan's Harlem neighborhood. At that location another security guard, the defendant INOCENTE RENE GONZALEZ MARTINEZ, allowed applicants to cheat on CDL written tests by allowing the removal of the tests from the testing area, so the tests could be completed nearby by MARIE DANIEL.

12. Because many of the applicants who cheated on CDL tests with the defendants' assistance resided in the Eastern District of New York, the DMV mailed or directed to be mailed CDL Permits or CDLs to locations in the Eastern District of New York.

COUNT ONE
(Conspiracy to Unlawfully Produce Identification Documents)

13. The allegations contained in paragraphs 1 through 12 are realleged and incorporated as if fully set forth in this paragraph.

14. On or about and between April 1, 2013 and September 25, 2013, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants AKMAL NARZIKULOV, also known as "Soldier," FIRDAVS MAMADALIEV, DALE HARPER, also known as "Reds," JOACHIM PIERRE

LOUIS, also known as "Jameson," LATOYA BOURNE, MARIE DANIEL, LUC DESMANGLES, BEAYAEH KAMARA, JOSE PAYANO, TANAEL DANIEL and INOCENTE RENE GONZALEZ MARTINEZ, together with others, did knowingly and intentionally attempt and conspire to produce identification documents, to wit:  CDL Permits and CDLs, knowing that such documents were produced without lawful authority, (a) in a manner in and affecting interstate and foreign commerce and (b) transported in the mail in the course of their production, contrary to Title 18, United States Code, Sections 1028(a)(1), 1028(c)(3)(A) and 1028(c)(3)(B).

(Title 18, United States Code, Sections 1028(b)(1)(A)(ii), 1028(f) and 3551 et seq.)

## COUNT TWO
(Honest Services Mail Fraud Conspiracy)

15.  The allegations contained in paragraphs 1 through 12 are realleged and incorporated as if fully set forth in this paragraph.

16.  On or about and between April 1, 2013 and September 25, 2013, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants AKMAL NARZIKULOV, also known as "Soldier," FIRDAVS MAMADALIEV, DALE HARPER, also known as "Reds," JOACHIM PIERRE LOUIS, also known as "Jameson," LATOYA BOURNE, MARIE DANIEL, LUC

7

DESMANGLES, BEAYAEH KAMARA, JOSE PAYANO, TANAEL DANIEL and INOCENTE RENE GONZALEZ MARTINEZ, together with others, did knowingly and intentionally attempt and conspire to devise a scheme and artifice to defraud and deprive the DMV of its intangible right to the honest services of LATOYA BOURNE, BEAYAEH KAMARA and INOCENTE RENE GONZALEZ MARTINEZ through bribery, kickbacks and the concealment of material information, and for the purpose of executing such scheme and artifice did knowingly and intentionally place and attempt to place in a post office and authorized depository for mail matter, one or more matters and things to be sent and delivered by the United States Postal Service, contrary to Title 18, United States Code, Sections 1341 and 1346.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATIONS AS TO COUNT ONE

17. The United States hereby gives notice to the defendants that, upon conviction of the offense charged in Count One, the government will seek forfeiture in accordance with Title 18, United States Code, Sections 982(a)(2)(B) and 1028(b)(5), which requires the forfeiture of any property constituting, or derived from, proceeds the person obtained

8

directly or indirectly, as result of such offense, and as any personal property used or intended to be used to commit the offense.

        18.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

        a.   cannot be located upon the exercise of due diligence;

        b.   has been transferred or sold to, or deposited with, a third party;

        c.   has been placed beyond the jurisdiction of the court;

        d.   has been substantially diminished in value; or

        e.   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

        (Title 18, United States Code, Section 982(a)(2)(B); Title 18, United States Code, Section 1028(b)(5); Title 21, United States Code, Section 853(p)).

CRIMINAL FORFEITURE ALLEGATION AS TO COUNT TWO

19. The United States hereby gives notice to the defendants that, upon conviction of the offense charged in Count Two, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), which require the forfeiture of any property, real and personal, that constitutes or is derived from proceeds traceable to the commission of such offense, or a conspiracy to commit such offense.

20. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

_____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

11

FORM DBD.34
JUN.85

No.

# UNITED STATES DISTRICT COURT

EASTERN    District of    NEW YORK

THE UNITED STATES OF AMERICA

vs.

AKMAL NARZIKULOV,
    also known as "Soldier,"
FIRDAVS MAMADALIEV,
DALE HARPER
    also known as "Reds,"
JOACHIM PIERRE LOUIS,
    also known as "Jameson,"
LATOYA BOURNE,
MARIE DANIEL,
LUC DESMANGLES,
BEAYEAH KARMARA,
JOSE PAYANO, et al.

                  Defendants.

## I N D I C T M E N T

(T. 18, U.S.C., §§ 981(a)(1)(C), 982(a)(2)(B), 1028(b)(1)(A)(ii), 1028(b)(5), 1028(f), 1349 and 3551 et seq.; T. 21, U.S.C., § 845(p); T. 28, U.S.C., § 2461(c)

A true bill.

_____
                                            Foreman

Filed in open court this_____day.
Of_____ A.D. 20_____

                                               Clerk

Bail, $_____

Michael Warren, AUSA   (718) 254-6355